IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT POON, | Case No. 1:10-cv-0028-AWI-JLT |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| vs. | (Document 2) |
| KERN COUNTY SHERIFF'S, DEPUTY JOHN DOE, et al., | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | |

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. On January 6, 2010, plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc # 2)

**1. IFP Motion**

The Court finds that Plaintiff's IFP motion, wherein he reports that he is unemployed and receives limited Government Financial Aid from the authorities in Hong Kong and has no income or assets, satisfies the indigency requirements of 28 U.S.C. § 1915. The Court finds further that Plaintiff is unable to pay the costs of commencing this action. Accordingly, Plaintiff's IFP motion is granted.

///

**II. Complaint**

    A.    Screening

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. §1915A(a); 28 U.S.C. 1915(e). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

    1. Section 1983 complaint

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."

Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371, 96 S. Ct. 598 (1976)).

(2) Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). Conclusory allegations that are unsupported by facts are insufficient to state a claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

B. Analysis

    i. **Summary of the Allegations**

Plaintiff seeks to impose liability on all of the defendants under 42 U.S.C.

1983. Toward that end, Plaintiff alleges that on April 14, 2009, he was transferred by the United States Immigration and Customs Enforcement Agency ("ICE") to the Kern County Lerdo Jail Facility. He asserts that after he arrived at Lerdo, he was pushed by a Sheriff's deputy, whom he describes as a "rogue deputy", fell and suffered an injury to his arm, bruising to his hips and aggravation of his preexisting neck and lower back conditions. Plaintiff alleges that the deputy pushed him in response to his request to have his hand unshackeld to allow him to use the toilet facilities. Plaintiff asserts that after the incident he complained to Agent Martinez of ICE and that Agent Martinez took no action except to intimidate plaintiff by telling him that the jailers would further abuse him after Martinez left the jail.

### ii. The Alleged Defendants

In the caption of his complaint, Plaintiff names "Kern County Sheriff's Deputy" and John Doe "et al." In the body of his complaint, Plaintiff outlines that he is suing the Kern County Sheriff's Office, Sheriff Donny Youngblood, and Sheriff Deputy John Doe, the Department of Homeland Security and Secretary Janet Napolitano, the Immigration and Customs Enforcement Agency and Assistant Secretary John T. Morton and an employee of ICE who he refers to as "Agent Martinez."

### iii. Plaintiff has failed to state a cause of action against the Federal defendants

Plaintiff asserts that defendants Napolitano and Morton may be held liable because they continue to use the Lerdo Jail Facility to house detainees despite a previous alleged incident of excessive force that occurred in 2005. He names these defendants both in their individual and official capacities and purports to bring this action under 42 USC § 1983. However, federal officials do not ordinarily act under color of state law so that constitutional violations by federal officials are generally beyond the reach of § 1983.

To the extent that these defendants are sued in their official capacity, such claims are barred by the doctrine of sovereign immunity. Gilbert v. DaCrossa, 756 F.2d 1455,

1458 (9th Cir. 1985).  Although sovereign immunity does not bar damages actions against federal officials in their individual capacities, an individual may not be held liable in a Bivens[1] action on the theory of respondeat superior.  Terrell v. Brewer, 935 F.2d 1015, 101 (9th Cir. 1991)(citations omitted).  Here, plaintiff's complaint fails to allege any actual participation by defendants Napolitano or Morton. Therefore, the claims against these defendants both in their individual and official capacities are dismissed.

Similarly, plaintiff seeks to name the Department of Homeland Security and the Immigration and Customs Enforcement Agency ("ICE"). However, under the doctrine of sovereign immunity, a Bivens action will not lie against the United States, agencies of the United States, or federal agents in their official capacity.  See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Cato v. United States, 70 F.3d 1103, 1110-1111 (9th Cir. 1995). Therefore, the complaint against these defendants is dismissed.

Likewise, although plaintiff names ICE employee, Agent Martinez, this federal employee may not be held liable under 42 USC § 1983 because there is no showing that he acted under color of state law.  Moreover, as noted above, Agent Martinez may not be held liable in his official capacity according to sovereign immunity. Gilbert v. DaCrossa, 756 F.2d at 1458.  Plaintiff is granted leave to amend to state a cause of action against this defendant.

### iv.     Plaintiff has failed to state a cause of action against the Youngblood or the County of Kern

Plaintiff has named the Kern County Sheriff, Donny Youngblood, in his individual and official capacity.  However, he fails to describe any actions taken by defendant Youngblood in his individual capacity.  Notably, nNeither Youngblood nor the County of Kern may not be held liable under a theory of respondeat superior in a § 1983 action.  Monell, 436 U.S. at 691.  Moreover, naming an official in his official capacity is

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

tantamount to naming the public entity. Kentucky v. Graham, 473 U.S. 159, 165-166 (1985). Finally, plaintiff has failed to demonstrate that his alleged constitutional injury occurred through the enforcement of an official policy or custom. City of Canton v. Harris, 489 U.S. 378, 385 (1989). In fact, Plaintiff refers to the Sheriff Deputy John Doe as a "rogue" officer. Therefore, plaintiff is granted leave to amend to address these deficiencies.

      **v.**      **As a detainee, Plaintiff's claims are properly addressed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment**

Plaintiff alleges that the events of April 14, 2009 occurred while he was a detainee in the custody of ICE. Therefore, constitutional questions regarding the conditions and circumstances of their confinement must be raised under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment's protection against cruel and unusual punishment. City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 77 (1983); Bell v. Wolfish, 441 U.S. 520, 535 (1979); Oregon Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003). In Revere, the Supreme Court observed that the due process rights of pretrial detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner" Revere, 463 U.S. at 244. Therefore, although the Eighth Amendment provides a minimum standard of care for detainees, determining Plaintiff's rights while detained in custody are determined under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1197. Thus, Plaintiff's claims brought under the Eighth Amendment are dismissed.

**C.**    **Conclusion**

In summary, the Court must dismiss Plaintiff's complaint as to all defendants except Sheriff's Deputy John Doe because he has failed to state a cognizable claim against these defendants. Likewise, Plaintiff's claims brought under the Eighth

1 Amendment are dismissed because he was not a convicted prisoner at the time of the
2 alleged incident.
3       The Court will grant Plaintiff an opportunity to amend the complaint to address
4 the above deficiencies. Plaintiff is informed that the Court cannot refer to a prior
5 pleading in order to make Plaintiff's amended complaint complete. Local Rule 220
6 requires that an amended complaint be complete in itself without reference to any prior
7 pleading. This is because, as a general rule, an amended complaint supercedes the
8 original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff
9 files an amended complaint, the original pleading no longer serves any function in the
10 case. Therefore, in an amended complaint, as in an original complaint, each claim and
11 the involvement of each defendant must be sufficiently alleged.
12       Accordingly, IT IS HEREBY ORDERED that:
13       1.      Plaintiff's request for leave to proceed in forma pauperis is GRANTED;
14       2.      Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND; and
15       4.      Plaintiff is GRANTED thirty days from the date of service of this order to
16       file an amended complaint. The amended complaint must reference the
17       docket number assigned to this case and must be labeled "First Amended
18       Complaint."
19       Failure to file an amended complaint in accordance with this order will result in a
20 recommendation that this action be dismissed pursuant to Local Rule 110.
21
22 IT IS SO ORDERED.
23 Dated: **January 19, 2010**              /s/ Jennifer L. Thurston
                                                       UNITED STATES MAGISTRATE JUDGE
24
25
26
27