IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERT POON, | ) | Case No. 1:10-cv-0028-AWI-JLT |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING AMENDED |
| vs. | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| KERN COUNTY SHERIFF'S, DEPUTY JOHN DOE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. On January 6, 2010, plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc # 2). On January 19, 2010, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis. (Doc. 4 at 1). The Court then screened the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e), and ordered dismissal with leave to amend. (Id. at 7). On February 10, 2010, Plaintiff filed a First Amended Complaint. (Doc. 7).

**1. IFP Motion**

In his new filing, Plaintiff again moves for permission to proceed in forma pauperis. The Court granted this request in its previous order and this motion is, therefore, unnecessary and moot and will be denied as moot.

## II. Complaint

### A. Screening

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. §1915A(a); 28 U.S.C. 1915(e). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

1. Section 1983 complaint

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."

Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371, 96 S. Ct. 598 (1976)).

(2) Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). Conclusory allegations that are unsupported by facts are insufficient to state a claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

B. Analysis

### i.     **Deficiencies in the Original Complaint**

In dismissing his original complaint with leave to amend, the Court noted that Plaintiff sought to impose liability on all defendants under 42 U.S.C. 1983. Toward that end, he

alleged that on April 14, 2009, he was transferred by the United States Immigration and Customs Enforcement Agency ("ICE") to the Kern County Lerdo Jail Facility. He asserted that after he arrived at Lerdo, he was pushed by a Sheriff's deputy, whom he describes as a "rogue deputy", fell and suffered an injury to his arm, bruising to his hips and aggravation of his preexisting neck and lower back conditions. Plaintiff alleged that the deputy pushed him in response to his request to have his hand unshackeld to allow him to use the toilet facilities. Plaintiff asserts that after the incident he complained to Agent Martinez of ICE and that Agent Martinez took no action except to intimidate plaintiff by telling him that if he didn't "shut up" the jailers would further abuse him after Martinez left the jail.

The Court determined that Plaintiff's failed to state a claim against either Defendant County of Kern or Defendant Kern County Sheriff Donny Youngblood because he had not alleged any improper conduct by Youngblood in his individual capacity and neither he nor the county could properly be held liable under § 1983 under a theory of respondeat superior. See Monnell v. Department of Social Services, 436 U.S. 658, 691 (1978). In addition, Plaintiff failed to demonstrate that his constitutional injury occurred through the enforcement of an official policy or custom. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Nevertheless, Plaintiff was granted leave to amend to address these deficiencies. (Doc. 4 at 5).

With respect to his excessive force allegations against Sheriff's Deputy John Doe, the Court held that because Plaintiff was a pre-trial detainee at the time of the alleged constitutional violations, he must raise his claims under the Fourteenth Amendment rather than the Eighth Amendment. (Doc. 4 at 6). Again, Plaintiff was granted leave to amend to correct this deficiency. (See id. at 6-7).

Finally, with respect to an ICE employee identified by him as "Agent Martinez," the Court ordered dismissal under § 1983 because a federal employee may not be held liable under this section absent a showing he acted under color of state law. (Doc. 4 at 4). Again, Plaintiff was granted leave to amend with respect to this defendant. (Id.)

///

1    **ii.    Summary of Allegations in the Amended Complaint**

In his amended complaint, Plaintiff names Kern County Sheriff's Deputy John Doe, the Kern County Sheriff's Office, Kern County Sheriff Donny Youngblood, and ICE Agent Martinez as defendants.

As noted in screening his original complaint, Plaintiff alleges that on April 14, 2009, he was transferred by ICE to the Kern County Lerdo Jail Facility. He asserts that after he arrived at Lerdo, he was pushed by a Sheriff's deputy, causing him to fall back seven to eight feet and sustained serious injuries to his elbow, head and hips. (Doc. 7 at 5, 8). He contends the deputy's action was unnecessary and excessive and was done in response to a request to have one of his hands unshackled to allow him to use the toilet facilities. (Id. at 8). Plaintiff further alleges that this action was part of a pattern of behavior of Kern County Jail deputies beating up prisoners. In support of this assertion, he cites an April 15, 2005 cover story in the *Bakersfield Californian* of an incident where an inmate was beaten to death by three sheriff's deputies. (Id. at 6). Finally, Plaintiff contends he told ICE Agent Martinez about the conduct of the sheriff's deputy who attacked him but was told to shut up. He alleges that Agent Martinez also intimidated him by saying "I will leave soon and after I left they are going to fuck you up!" (Id. at 5).

With respect to each of the defendants, Plaintiff alleges a violation of his constitutional rights under the Fourteenth Amendment and seeks relief pursuant to 28 U.S.C. § 1983. (Doc. 7 at 5-6). With respect to ICE Agent Martinez, Plaintiff also raises a claim pursuant to 28 U.S.C. § 1985 and also cites Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Id. at 6, 9). Plaintiff seeks declaratory and injunctive relief as well as monetary damages of $500,000.00 plus an unspecified amount in punitive damages. (Id. at 10-11).

**iii.    Claim against Sheriff's Deputy John Doe**

In his amended complaint, Plaintiff asserts that a Kern County deputy he identifies as John Doe "pushed and shoved him against a wall," that there was no reason or need for this assault and that he sustained "extensive physical injuries" as a result. (Doc. 7 at 6, 8). He

contends this constituted excessive force in violation of his rights under the Fourteenth Amendment and raises claims under 28 U.S.C. § 1983.

### iv. Claims Against Youngblood and the Kern County Sheriff's Office

Plaintiff has named the Kern County Sheriff's Office and Kern County Sheriff Donny Youngblood. In his amended complaint, citing a 2005 beating death of a jail inmate in addition to his own assault by sheriff's deputies, Plaintiff alleges a failure to properly train employees by the Sheriff's Office and Youngblood and contends that Youngblood's failure to clean house or properly train deputies constitutes "deliberate indifference" which led to conditions that resulted in his own injuries from a deputy. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell, 436 U.S. at 694.

### v. Claim against ICE Agent Martinez

As to ICE Agent Martinez, Plaintiff alleges that after he was assaulted by Sheriff's deputies, he informed Agent Martinez of what happened but that Martinez told him to "shut up" or he could face more trouble from these deputies after he left him in their custody. Plaintiff alleges that Agent Martinez' conduct violated his rights under the federal constitution and that Martinez is liable pursuant to 42 U.S.C §§ 1983 and 1985.

Plaintiff fails to state a claim under either § 1983 or § 1985 because he fails to allege or provide any basis for establishing that this federal agent, Martinez, acted under color of state law. Likewise, the allegation that Martinez conspired, is vague such that the Court cannot determine who are the alleged conspirators. In any event, although Plaintiff is correct that he may assert a claim against a federal employee in his individual capacity for violating his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), ICE Agent Martinez cannot be held liable under 42 U.S.C. § 1983 or § 1985. Accordingly, this complaint must be dismissed. Plaintiff is granted leave to file a second amended complaint to state a claim against Agent Martinez.

### CONCLUSION

In summary, the Court must dismiss Plaintiff's First Amended Complaint as to defendant

Agent Martinez because he has failed to state a cognizable claim with respect to this defendant. The Court will grant Plaintiff an opportunity to file a Second Amended Complaint to address the deficiency with respect to Agent Martinez. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original or any previous amended complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the prior pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is DENIED AS MOOT;
2. Plaintiff's amended complaint is DISMISSED WITH LEAVE TO AMEND as outlined in this order; and
3. Plaintiff is GRANTED thirty days from the date of service of this order to file an amended complaint. The amended complaint must reference the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a Second Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **February 24, 2010**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE