1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ALBERT POON,                          )   Case No. 1:10-cv-0028-AWI-JLT
                                          )
12          Plaintiff,                    )   ORDER FINDING THAT PLAINTIFF'S
                                          )   SECOND AMENDED COMPLAINT STATES
13       vs.                              )   A COGNIZABLE CLAIM
                                          )   (Doc. 9.)
14  KERN COUNTY SHERIFF'S, DEPUTY         )
    JOHN DOE, et al.,                     )   ORDER FOR SERVICE OF COMPLAINT
15                                        )
            Defendants.                   )
16  _____  )

17

18          Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.  On

19  January 6, 2010, plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C.

20  § 1915.  (Doc # 2)

21          Because Plaintiff has been granted leave to proceed IFP, this Court must "screen" his

22  complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of a case at any time if

23  the court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which

24  relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from

25  such relief."  28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).

26          A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v.

27  Williams, 490 U.S. 319, 324 (1989).  A frivolous claim is based on an inarguable legal

conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous

if it is based on an indisputably meritless legal theory or if the factual contentions are clearly

baseless. Id.

The thrust of Plaintiff's complaint is that Defendants, while acting under color of state

law, violated his rights under the Fourteenth Amendment. In particular, he claims that on April

14, 2009, while a detainee, Defendant Sheriff Deputy John Doe subjected him to excessive force,

that Sheriff Younglood failed to train the deputy and that the County of Kern had a policy of

failing to train its employees not to use excessive force. (Doc. 8, p. 7). Plaintiff seeks $500,000

in compensatory damages, an unspecified amount of punitive damages and his fees and costs.

(Doc. 8, p. 9-10).

The Court finds that Plaintiff appears to state a cognizable claim for relief under 42

U.S.C. § 1983 against Defendants Sheriff Deputy John Doe, Sheriff Youngblood and the County

of Kern. Accordingly, it is HEREBY ORDERED that:

1.      Service is appropriate for defendants Sheriff Deputy John Doe and Sheriff

Youngblood, in their individual capacities, and as to the County of Kern;

2.      The Clerk of the Court shall send Plaintiff three USM-285 form, three summons,

a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint

filed March 16, 2010;

3.      Within thirty days from the date of this order, Plaintiff shall complete the attached

Notice of Submission of Documents and submit the completed Notice to the Court with the

following documents:

        a.      Completed summonses;

        b.      One completed USM-285 form for each defendant listed above; and

        c.      Three (3) copies of the endorsed complaint filed March 16, 2010.

4.      Plaintiff need not attempt service on the defendants and need not request waiver

of service. Upon receipt of the above-described documents, the Court will direct the United

States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure

1    4 without payment of costs.

2        **Plaintiff's failure to comply with this order will result in a recommendation that this**

3    **action be dismissed.**

4

5    IT IS SO ORDERED.

6    Dated:   **March 19, 2010**                                      **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE
7