IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT POON, | ) Case No. 1:10-cv-0028-AWI-JLT |
| Plaintiff, | ) ORDER DENYING MOTION FOR<br>) APPOINTMENT OF COUNSEL |
| vs. | ) |
| | ) (Doc. 27) |
| KERN COUNTY SHERIFF'S DEPUTY JOHN DOE, et al., | ) |
| Defendants. | ) |

On September 16, 2011, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 27.) He asserts that he needs an attorney to file certain motions on his behalf, to conduct depositions, to negotiate a settlement, because he believes that opposing counsel is "toying" with him and because he is unable to travel to Court for motion hearings. Id.

Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to

1

section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id</u>. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Though Plaintiff's residency will make discovery efforts more difficult and even if it is assumed that Plaintiff is not well-versed in the law, his case is neither complex nor exceptional.  Likewise, the Court does not find that Plaintiff is unable to adequately articulate his claims nor is it clear that Plaintiff will succeed on the merits of his claims such that counsel is warranted.

Accordingly, for all the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's September 16, 2011 motion for the appointment of counsel (Doc. 27) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 20, 2011**                               **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE