IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT POON,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S DEPUTY JOHN DOE, et al.,<br><br>        Defendants.<br>_____ | Case No.: 1:11-cv-02072 JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE, FAILURE TO OBEY THE COURT'S ORDER, AND FAILURE TO COMPLY WITH THE LOCAL RULES |

Albert Poon ("Plaintiff") initiated this action by filing his complaint and a motion to proceed *in forma pauperis* on January 6, 2010. (Docs. 1-2). On March 19, 2010, the Court determined Plaintiff's Second Amended complaint stated a cognizable claim (Doc. 10), and the Court ordered service of the Second Amended Complaint. (Doc. 12)

On December 15, 2010, the Court held a scheduling conference with the parties and set the pretrial conference for January 25, 2012. (Doc. 26 at 4). The Scheduling Order issued thereafter by the Court provided: "The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**." *Id.* (emphasis in original). The Court noted:

> Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

1

*Id*. at 4-5 (emphasis in original).  In addition, the Court warned, "Failure to comply with this order may result in the imposition of sanctions." *Id.* at 6.

Local Rule 281 requires the parties to file a Joint Pretrial Statement "[n]ot less than seven (7) days before the date set by the Court for holding of the final pretrial conference." LR 281(a)(2). According to Defendants, who filed their pretrial statement on January 18, 2012, Plaintiff failed to cooperate in the preparation of a joint statement. (Doc. 29 at 1).  Furthermore, Plaintiff failed to make an appearance at the pretrial conference held on January 25, 2012.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  Here, Plaintiff failed to comply with the Court's Scheduling Order, and failed to comply with the Local Rules regarding the requirements of a joint pretrial statement.  In addition, Plaintiff has failed to prosecute his action against defendants.

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed.

IT IS SO ORDERED.

Dated:   **January 25, 2012**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE

2