**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT POON, | ) Case No.: 1:10-cv-00028  JLT |
| | ) |
| Plaintiff, | ) ORDER DISMISSING THE ACTION WITH |
| | ) PREJUDICE FOR PLAINTIFF'S FAILURE TO |
| v. | ) PROSECUTE, FAILURE TO OBEY THE |
| | ) COURT'S ORDER, AND FAILURE TO |
| KERN COUNTY SHERIFF'S DEPUTY | ) COMPLY WITH THE LOCAL RULES |
| JOHN DOE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Albert Poon ("Plaintiff") is proceeding *pro se* and *informa pauperis* in this action for violations of civil rights, pursuant to 42 U.S.C. § 1983.  For the following reasons, the action is **DISMISSED WITH PREJUDICE**.

**I.      Procedural History**

Plaintiff initiated this action by filing his complaint and a motion to proceed *in forma pauperis* on January 6, 2010.  (Docs. 1-2).  On March 19, 2010, the Court determined Plaintiff's Second Amended complaint stated a cognizable claim (Doc. 10), and the Court ordered service of the Second Amended Complaint.  (Doc. 12)

On December 15, 2010, the Court held a scheduling conference with the parties and set the pretrial conference for January 25, 2012.  (Doc. 26 at 4).  The Scheduling Order issued thereafter by the Court provided: "The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**."  *Id.* (emphasis in original).  The Court noted:

1

1
2
3
4

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

5
6

*Id*. at 4-5 (emphasis in original).  In addition, the Court warned, "Failure to comply with this order may result in the imposition of sanctions." *Id.* at 6.

7
8
9
10
11

Local Rule 281 requires the parties to file a Joint Pretrial Statement "[n]ot less than seven (7) days before the date set by the Court for holding of the final pretrial conference." LR 281(a)(2). According to Defendants, who filed their pretrial statement on January 18, 2012, Plaintiff failed to cooperate in the preparation of a joint statement.  (Doc. 29 at 1).  Furthermore, Plaintiff failed to appear at the pretrial conference held on January 25, 2012.

12
13
14
15
16

On January 25, 2012, the Court issued to Plaintiff an order to show cause why the matter should not be dismissed due to his failure prosecute the matter and his failure to comply with the Court's orders and with the Local Rules.  (Doc. 31).  Plaintiff was granted 14 days within which he required to make the required showing. *Id.* at 2.  However, Plaintiff did not comply with, or respond to, the Court's Order.

17

## II.     Failure to prosecute and obey the Court's orders

18
19
20
21
22
23
24
25
26
27
28

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**III.    Discussion and Analysis**

In determining whether to dismiss an action for failure to prosecute and failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Notably, Plaintiff failed to comply with the Court's Scheduling Order, and failed to comply with the Local Rules regarding the requirements of a joint pretrial statement.  In addition, Plaintiff has failed to prosecute his action against defendants.

Finally, the Court's warning to Plaintiff that failure to comply with the order would result in dismissal satisfies the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  In the Order to Show Cause, the Court warned that it "may dismiss an action with prejudice, based upon a party's failure to prosecute an action or failure to obey a court order . . ." (Doc. 31 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his failure to comply with the Court's orders and the Local Rules, and his failure to prosecute the action.  Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.    Conclusion and Order**

The factors set forth by Ninth Circuit weigh in favor of dismissal of the action.  Therefore, the Court is within its discretion to dismiss the action for Plaintiff's failure to prosecute the action, failure to comply with the Court's orders, and failure to comply with the Local Rules.

///

///

3

Accordingly, **IT IS HEREBY ORDERED**:

1.     Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**; and

2.     The Clerk of Court is directed to close this action, because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **February 15, 2012**                                      **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE